# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH DUFFY and JOHN DUFFY, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>SOLCO HEALTHCARE U.S., LLC, PRINSTON PHARMACEUTICAL, INC., WALGREEN CO. a/k/a WALGREENS, and THROGGS NECK PHARMACY,<br><br>      Defendants. | Civil Action No. 1:18-cv-07460-RJS<br>Hon. Richard Sullivan |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

## **TABLE OF CONTENTS**

**PAGE(S)**

I. BACKGROUND ................................................................................................................. 1

II. ARGUMENT ...................................................................................................................... 2

    A. Proposed Interim Class Counsel's Identification And Investigation Of The Claims .................................................................................................. 4

    B. Proposed Interim Class Counsel's Experience In Handling Class Actions And Other Complex Litigation ...................................................... 6

    C. Proposed Interim Class Counsel's Knowledge Of The Applicable Law ........................................................................................................... 7

    D. Resources That Interim Class Counsel Will Commit To Representing The Class ................................................................................ 7

III. CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Blessing v. Sirius XM Radio Inc.*,
   2011 WL 1194707 (S.D.N.Y. Mar. 29, 2011) ........................................................................ 3, 5

*Ebin v. Kangadis Food Inc.*,
   297 F.R.D. 561 (S.D.N.Y. 2014) ....................................................................................... 6, 7, 8

*Hart v. BHH, LLC*,
   2017 WL 2912519 (S.D.N.Y. July 7, 2017) ............................................................................ 6

*In re Mun. Derivatives Antitrust Litig.*,
   252 F.R.D. 184 (S.D.N.Y. 2008) ............................................................................................ 2

*In re Scotts EZ Seed Litig.*,
   304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015) ............................................................................... 6

*In re Trader Joe's Tuna Litig.*,
   2016 WL 7407329 (C.D. Cal. Dec. 21, 2016) ......................................................................... 3

*Melgar v. Zicam, LLC*,
   2014 WL 5486676 (E.D. Cal. Oct. 29, 2014) .......................................................................... 3

*Tolmasoff v. Gen. Motors, LLC*,
   2016 WL 3548219 (E.D. Mich. June 30, 2016) ...................................................................... 3

**RULES**

Fed. R. Civ. P. 23 ............................................................................................................... 3, 5, 7

Fed. R. Civ. P. 23(c)(1) ............................................................................................................. 5

Fed. R. Civ. P. 23(g)(1) ..................................................................................................... 3, 4, 6

Fed. R. Civ. P. 23(g)(3) ......................................................................................................... 1, 2

Fed R. Civ. P. 23(g)(1)(C) ........................................................................................................ 7

**OTHER AUTHORITIES**

Annotated Manual for Complex Litigation (4th ed. 2017) ........................................................ 2

Plaintiffs Elizabeth Duffy and John Duffy ("Plaintiffs") move pursuant to Fed. R. Civ. P. 23(g)(3) for an order appointing Bursor & Fisher, P.A. ("Bursor & Fisher") as interim class counsel.

Appointment of interim class counsel is necessary to protect the interests of the putative class and progress toward class certification and trial. Appointment of interim class counsel will create one unified voice for Plaintiffs and all putative class plaintiffs, and will promote efficiency and conserve judicial resources. Despite the pendency of this action, two copycat cases have already been filed in other jurisdictions. One such copycat case was filed in Illinois on behalf of an Illinois class based on allegations that were lifted from the original complaint in the *Duffy* matter. *Kruk v. Zhejiang Huahai Pharmaceutical Co., LTD., et al*, Case No. 1:18-cv-05944 (Dkt. No. 1), Marchese Decl. Ex. D. The other copycat case was filed in New Jersey and seeks to represent a nationwide class, again lifting the allegations from the original complaint in the *Duffy* matter. *Eric J. Erwin v. Prinston Pharmaceutical Inc. d/b/a Solco Healthcare LLC*, et al, Case No. 3:18-cv-13447 (Dkt. No. 1), Marchese Decl. Ex E.

For these reasons, and as detailed more fully below, Plaintiffs respectfully request that the Court grant their motion to appoint Bursor & Fisher as interim class counsel.

**I.      BACKGROUND**

On August 16, 2018, Plaintiffs Elizabeth Duffy and John Duffy filed this putative class action against Defendants Solco Healthcare U.S., LLC ("Solco"), Prinston Pharmaceutical, Inc. ("Prinston"), Walgreen Co. a/k/a Walgreens ("Walgreens"), and Throggs Neck Pharmacy (collectively, "Defendants"). The complaint alleged claims on behalf of a nationwide class and a New York subclass (the "*Duffy*" action). *See generally Duffy* Complaint (Doc. No. 1).

The gravamen of the *Duffy* action is that valsartan-containing generic prescription medications manufactured and distributed by Solco and Prinston were contaminated with N-nitrosodimethylamine ("NDMA"), a carcinogenic and liver-damaging impurity, due to a manufacturing defect. Defendants Solco and Prinston manufactured and distributed the tainted valsartan-containing medications to Plaintiffs and class members, who purchased and consumed the tainted medication. *See* Complaint at ¶ 1 (Doc. No. 1). Defendants Walgreens and Throggs Neck Pharmacy sold this contaminated generic medication to Plaintiffs and other similarly-situated consumers. *Id.* The *Duffy* action currently alleges claims for violations of breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, fraudulent concealment, fraud, conversion, strict products liability for a manufacturing defect, gross negligence, negligence, and battery. *Id.* ¶¶ 26-125. In addition, it alleges claims under New York's GBL §§ 349-350 on behalf of a New York subclass. *Id.* ¶¶ 46-67.

All Defendants have been served, and Affidavits of Service have been filed for each Defendant. (Doc. Nos. 11-14). This Court has set an Initial Conference for November 9, 2018.

**II.    ARGUMENT**

Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." The appointment of interim class counsel is recommended early in the litigation, prior to class certification, because it "clarifies responsibility for protecting the interests of the class during precertification activities." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185 (S.D.N.Y. 2008); *see also Annotated Manual for Complex Litigation*, § 21.11 (4th ed. 2017) (the "*Manual*"). "Designation of interim counsel is particularly appropriate when a number of lawyers have filed related 'copycat' actions …." *Tolmasoff v. Gen. Motors, LLC*, 2016 WL

3548219, at *9 (E.D. Mich. June 30, 2016); *see also* Advisory Committee Notes, 2003 Amendment (appointing interim class counsel is "appropriate" where—as here—there is "rivalry or uncertainty" about who is acting on behalf of the putative class).

While neither Rule 23 nor the Notes expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *See*, *e.g.*, *In Re Welspun Litigation*, Case No. 16-cv-6792 (RJS) (Dkt. No. 58); *In re Trader Joe's Tuna Litig.*, 2016 WL 7407329, at *3 (C.D. Cal. Dec. 21, 2016) (applying Rule 23(g)(1) factors when appointing Bursor & Fisher as interim class counsel); *Melgar v. Zicam, LLC*, 2014 WL 5486676, at *2 (E.D. Cal. Oct. 29, 2014) (same).

Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1).

In general, a class is fairly and adequately represented where counsel is qualified, experienced, and generally capable of conducting class action litigation. *See Blessing v. Sirius XM Radio Inc.*, 2011 WL 1194707, at *4 (S.D.N.Y. Mar. 29, 2011). Each of these considerations, as detailed below, supports the appointment of Bursor & Fisher as interim class counsel.

3

### A. Proposed Interim Class Counsel's Identification And Investigation Of The Claims

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. <u>All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks</u>.

MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. Ed. 2007) (emphasis added).

Bursor & Fisher's work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed Class. For example, Bursor & Fisher performed the following work thus far:

a) Conducted an extensive and thorough investigation of potential legal claims arising from Defendants' manufacturing and selling of contaminated valsartan medication, including an extensive choice of law analysis;

b) Analyzed Defendant Solco's representations regarding the nature and quality of the medication;

c) Researched Defendants' corporate structure and founders;

d) Corresponded with and interviewed approximately a hundred Class members regarding the damages sustained as a result of Defendants' wrongful conduct. As part of this process, attorneys at Bursor & Fisher reviewed documents, and corresponded with and interviewed class members relating to the Defendants' practices described in the Complaint;

e) Reviewed public documentation, studies, reviews and articles about the contaminated medication;

f) Drafted and circulated a notice letter to the Defendants in this action, *see* Complaint ¶ 35 and Exhibit A to the Complaint (Doc. No. 1); and

g) Drafted and first-filed the Complaint in this action.

These investigative efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop, and demonstrate the claims alleged in the complaint. These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim class counsel.

The Notes also contemplate that the appointment of Interim Class Counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification pursuant to Fed. R. Civ. P. 23(c)(1), inasmuch as "some discovery is often necessary for that determination." *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). The Notes further state, "[o]rdinarily such work is handled by the lawyer who filed the action." *Id*.

Here, a significant amount of discovery and related motion practice is expected to take place prior to class certification. *See id.* (noting that Interim Class Counsel may be necessary to "make or respond to motions before certification"). Moreover, the class certification motion has not yet been scheduled and some discovery likely will be required before a class certification motion is filed. Furthermore, discovery in this matter may be complicated and require negotiations and motions prior to class certification. Bursor & Fisher's thorough investigation into the claims will enable them to more than adequately handle this discovery and related motion practice.

> **B.     Proposed Interim Class Counsel's Experience In Handling Class Actions And Other Complex Litigation**

The second factor the court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action."  Fed. R. Civ. P. 23(g)(1)(A)(ii).  Bursor & Fisher has substantial experience handling class actions and other complex litigation.  The firm's attorneys have represented both plaintiffs and defendants in more than 100 class action lawsuits in state and federal courts throughout the United States.  Marchese Decl. ¶ 2, Ex. A.

Bursor & Fisher has won many contested class certification motions, including winning a motion to certify a nationwide class of purchasers of Capatriti 100% Pure Olive Oil, a motion to certify New York and California classes of purchasers of Scotts Turf Builder EZ Seed, and most recently a motion to certify a nationwide class of purchasers of Bell & Howell ultrasonic pest repellers.  *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015); *Hart v. BHH, LLC*, 2017 WL 2912519, at *9 (S.D.N.Y. July 7, 2017).  As United States District Judge Jed S. Rakoff of the Southern District of New York recognized in appointing Bursor & Fisher class counsel in *Ebin*, "Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims ….  The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008."  *Ebin*, 297 F.R.D. at 566.  As these examples confirm, Bursor & Fisher has extensive class action experience and a track record of success.

More generally, within the past seven years, Bursor & Fisher lawyers have been court-appointed counsel or interim class counsel in twenty-five class actions.  Marchese Decl., ¶ 6 and Ex. A, pp. 1-3.  They also negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes

6

ever certified, respectively).  *Id.* at ¶ 3.  These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications.  *Id.*  Moreover, in *Hendricks v. StarKist Co.*, Bursor & Fisher crafted a settlement that resulted in the submission of over 2.4 million claims from class members, the largest number of claims ever submitted in the history of Rule 23 class actions.  *Id.*

Bursor & Fisher has also proven that it can – and will – take cases to trial if necessary, having won multi-million dollar verdicts or recoveries in five of five civil jury trials in consumer class actions since 2008.  *Id.* at ¶ 5.  For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, Bursor & Fisher obtained a $50 million jury verdict in favor of the plaintiff and class on a CLRA claim.  *Id.*  In another example, *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment.  *Id.*

### C. Proposed Interim Class Counsel's Knowledge Of The Applicable Law

Proposed Interim Class Counsel are also knowledgeable about the law applicable to the claims herein, as demonstrated by their experience litigating other multi-state class actions.  As set forth above, the attorneys of Bursor & Fisher are very familiar litigating large-scale consumer and complex actions, and are also familiar with this Court's rules and procedures.

### D. Resources That Interim Class Counsel Will Commit To Representing The Class

The final Fed R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports Bursor & Fisher's appointment.  Bursor & Fisher is a well-established, successful law firm that has the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar large-scale class actions. Bursor & Fisher has already demonstrated the will and ability to commit the necessary resources

to assure a strong and well-supported case on behalf of members of the proposed class.  Their firm's resources are not merely financial, but also include substantial expertise and work-product as discussed above, which were developed in other similar cases that will benefit Plaintiffs and the putative class.  Bursor & Fisher's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

Previously, in *In Re Welspun Litigation*, Case No. 16-cv-6792 (RJS), this Court appointed Bursor & Fisher, P.A. as interim lead class counsel, finding that Bursor & Fisher, P.A. has "extensive experience in handling class actions and complex litigation, including products liability and consumer protection cases . . . and have extensive resources." (Dkt. No. 58 at 2). Other courts have recently opined on the resources and commitment of Bursor & Fisher in representing clients in class action cases.  For example, Judge Rakoff commented favorably on the qualifications of Bursor & Fisher, P.A. in appointing the firm to represent a certified nationwide class of purchasers of Capatriti olive oil. *See Ebin v. Kangadis Food, Inc.*, 297 F.R.D. 561 (S.D.N.Y. Feb. 25, 2014) ("As for plaintiffs' counsel, Bursor & Fisher, P.A. are class action lawyers who have experience litigating consumer claims ….  The firm has been appointed class counsel in dozens of cases in both federal and state courts …."). Additionally, Chief United States District Judge Morrison C. England, Jr. of the Eastern District recently appointed Bursor & Fisher as interim class counsel in *Melgar v. Zicam, LLC*, No. 2:14-cv-00160-MCE-AC (E.D. Cal. Oct. 29, 2014).  Judge England's order noted that Bursor & Fisher "has extensive experience representing plaintiffs in large class actions, both in negotiating settlements and litigating through trial." Ex. C at 3.. Judge England further commented that "Bursor & Fisher is a well-established, reputable firm that is up to handling the challenges of this litigation and is capable of committing the requisite resources to doing so.  The Court is confident that Bursor & Fisher will fairly and adequately represent the interests of the class." *Id.*  (citation omitted).

Additionally, in appointing Bursor & Fisher as interim class counsel in *Rodriguez v. CitiMortgage*, Case No. 1:11-cv-4718 (PGG) (S.D.N.Y. Nov. 14, 2011), United States District Court Judge Paul G. Gardephe of the Southern District of New York recognized that Bursor & Fisher is a "well-established law firm" that "ha[s] the resources and personnel necessary to carry out large-scale class action litigation." Marchese Decl. ¶ 11 and Ex. B at 3. Judge Gardephe further noted that he had "no reason to doubt that [counsel] will provide the necessary resources going forward to litigate this case." *Id.*

The same is true with respect to this action. As interim class counsel, Bursor & Fisher will continue to commit the same resources and effort to this case as they have committed to their other, successful consumer class action litigations.

### III.  CONCLUSION

In the interest of judicial economy and for the reasons set forth above, Plaintiffs respectfully request that the Court appoint Bursor & Fisher as interim class counsel.

Dated:  September 11, 2018              Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  */s/ Joseph I. Marchese*
         Joseph I. Marchese

Joseph I. Marchese
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  jmarchese@bursor.com

*Attorneys for Plaintiffs*